# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT LEE W., | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-18-1097 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |
| Defendant. | * |

## MEMORANDUM OPINION

On April 16, 2018, Robert Lee W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 19, 22), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED.

### PROCEDURAL HISTORY

On November 26, 2014, Plaintiff filed a Title II application for DIB as well as a separate Title XVI application for SSI, which both alleged disability beginning on November 21, 2014. His claims were denied initially and upon reconsideration on July 10, 2015 and November 12, 2015, respectively. Subsequently, on November 30, 2015, Plaintiff filed a written request for a hearing

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

and, on February 2, 2017, an Administrative Law Judge ("ALJ") presided over a video hearing. On March 16, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from November 21, 2014, through the date of this decision." ECF No. 11 at 35. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on February 15, 2018, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On April 16, 2018, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On January 14, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on April 26, 2019. On May 20, 2019, Plaintiff responded to Defendant's motion.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld,

---

[2] On May 31, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, with regard to Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2019.

ECF No. 11 at 24. The ALJ then performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since November 21, 2014, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff had the severe impairments of "lumbar discogenic disc disease, obesity, and chronic pain syndrome." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 28. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl, and can never climb ladders, ropes or scaffolds. [Plaintiff] can occasionally be exposed to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, or gases. He can occasionally be exposed to moving mechanical parts but can never be exposed to unprotected heights. Mentally, [Plaintiff] is able to understand, remember and carry out simple instructions. He is able to make judgments on simple work related decisions. He is able to respond to usual work situations and to changes in a routine work setting without special supervision. He is able to interact appropriately with co-workers in a routine work setting but he can only occasionally interact with the public or with supervisors.

*Id.* The ALJ then determined that Plaintiff had past relevant work as a lumberyard worker, but that he is unable to perform such work. *Id.* at 33. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 34. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from November 21, 2014, through the date of this decision." *Id.* at 35.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) that the ALJ's RFC and adverse credibility determination are not supported by substantial evidence because the ALJ improperly

7

evaluated Plaintiff's subjective complaints in violation of *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017); and (2) that the ALJ's step three determination is not supported by substantial evidence. Each of Plaintiff's arguments lack merit and are addressed below.

**A. The ALJ Properly Evaluated Plaintiff's Subjective Complaints.**

Plaintiff first contends that the RFC determination and adverse credibility determination are not supported by substantial evidence because the ALJ improperly evaluated Plaintiff's subjective complaints in violation of *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). ECF No. 19-1 at 9–15. Defendant counters that *Lewis* has no bearing on this case because the ALJ identified proper bases beyond objective evidence to support his credibility findings, which includes Plaintiff's own statements, his daily activities, medical source statements, treatments, and medications. ECF No. 22-1 at 6–7. The Court agrees with Defendant.

In determining RFC specifically, an ALJ must take into account the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8

8

> hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

As part of determining the RFC, the ALJ is required to evaluate whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929. The United States Court of Appeals for the Fourth Circuit has laid out a two-step process for this evaluation:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3).

9

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding his pain symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a finding of disability and a claimant must substantiate his allegations of pain. 20 C.F.R. §§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [the claimant's] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam), but the ALJ cannot discount Plaintiff's subjective evidence of pain solely based on objective medical findings, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

In the present case, the ALJ appropriately recognized his obligation to properly evaluate the credibility of Plaintiff's testimony with regard to his symptoms and the restrictions caused by his impairments in accordance with 20 C.F.R. §§ 404.1529 and 416.929. After analyzing the evidence in the record, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not

entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF No. 11 at 30.

First, the ALJ summarized Plaintiff's testimony at the hearing, acknowledging Plaintiff's testimony about the symptoms and pain caused by his physical impairments. *Id.* at 29. However, the ALJ then stated: "In terms of [Plaintiff]'s alleged inability to work due to lumbar discogenic disc disease, obesity, chronic pain syndrome, [and] sleep apnea, the record does not contain substantial evidence to support [Plaintiff]'s alleged inability to work." *Id.* at 30. The ALJ further described Plaintiff's medical history, including "physical examinations [that] did not reveal abnormalities that support significant limitations in sitting, standing and walking, or in [Plaintiff's] ability to lift and carry" and "[a] consultative examination [that] was unremarkable with few abnormal findings and indications that [Plaintiff] had normal gait, motor strength, reflexes, sensation, and musculoskeletal findings to support a light [RFC]." *Id.* at 30–31.

While the ALJ impermissibly relied on some objective medical evidence, he also relied on sufficient subjective evidence to find that Plaintiff was not credible. The ALJ referenced Plaintiff's own testimony that he performs a variety of regular, daily activities, including watching television, handling personal care and hygiene with some assistance, driving, managing his finances, going shopping, and attending medical appointments, and found that these activities were "inconsistent with limitations that would preclude sustained work activity."[3] *Id.* at 32.

---

[3] Plaintiff acknowledges the ALJ's discussion of his daily activities but contends that it "do[es] not suffice to overcome [the ALJ's] extensive reliance on the objective evidence to discount Plaintiff's pain symptoms." ECF No. 19-1 at 11. Specifically, Plaintiff takes issue with the ALJ's reference to activities such as watching television and attending medical appointments and argues that these activities are insufficient to discredit Plaintiff. *Id.* at 11–12. Even if the ALJ erred in evaluating Plaintiff's daily activities, any error is harmless as the ALJ considered several of the criteria set forth in 20 C.F.R. §§ 404.1529 and 416.929 to evaluate Plaintiff's credibility that otherwise supported the ALJ's conclusion. *See* ECF No. 11 at 30–32.

Additionally, in accordance with 20 C.F.R. §§ 404.1529 and 416.929, the ALJ also considered Plaintiff's history of treatment and medication. *Id.* at 30–32. The ALJ observed that Plaintiff's "treatment has been conservative in nature and not the type one would expect from a disabling condition" and that "[t]he record does not contain evidence that [Plaintiff]'s medications caused adverse side effects that would preclude sustained work activity." *Id.* at 32. The ALJ also noted that Plaintiff "did not require ambulatory assistance" and had reported "that medications and resting relieved his pain."[4] *Id.* at 30–31. Thus, the ALJ's detailed evaluation of the record evidence against Plaintiff's statements regarding his symptoms amply supports the ALJ's conclusion that Plaintiff's alleged limitations were not entirely credible, and the ALJ properly evaluated Plaintiff's credibility, supporting his findings with substantial evidence consistent with 20 C.F.R. §§ 404.1529 and 416.929.

### B. Substantial Evidence Supports The ALJ's Determination That Plaintiff Does Not Meet A Listing.

Plaintiff's second argument alleges that the ALJ erred at step three of the sequential evaluation by improperly evaluating whether Plaintiff's spine impairments met or equaled Listing 1.04, outlined in 20 C.F.R. pt. 404, subpt. P, app. 1. ECF No. 19-1 at 16–20. Specifically, Plaintiff contends that the ALJ failed to apply the record evidence and explain why Plaintiff did not satisfy

---

[4] Plaintiff also takes issue with the ALJ's characterization of Plaintiff's treatment as "conservative" and points out that Plaintiff had been prescribed "extremely potent pain medications," including fentanyl patches, morphine, and gabapentin. ECF No. 19-1 at 14 (citing ECF No. 11 at 333–37, 342–43, 349, 409). However, as the ALJ discussed, Plaintiff reported that he experienced no adverse side effects from his medications and that they, along with rest, relieved his pain. ECF No. 11 at 30, 32. This Court "may not reweigh this evidence . . . or supplant the ALJ's judgment with [its] own." *Sharp v. Colvin*, 660 F.App'x 251, 259 (4th Cir. 2016) (citing *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam)).

this Listing, despite "ample evidence" demonstrating that Plaintiff's impairments may have met Listing 1.04A.[5] *Id.* at 18–20.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Where a claimant can show that his condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that he is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that he meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence

---

[5] Notably, Plaintiff does not contend that his impairments met the requirements set forth in Listings 1.04B or 1.04C. Therefore, the Court will only consider whether the ALJ erred in concluding that Plaintiff did not satisfy Listing 1.04A.

13

the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002) (holding remand is not warranted "where it is clear from the record which [Listing] . . . w[as] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

Listing 1.04A states:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04A. In other words, a claimant must demonstrate that he meets all four requirements of Listing 1.04A for an ALJ to make a finding that his impairment meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

14

During his step three analysis, the ALJ explained why Plaintiff failed to meet the requirements of Listing 1.04:

> Section 1.04, required that the evidence reveal nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight-leg raising test, spinal arachnoiditis and/or lumbar spinal stenosis resulting in pseudoclaudication with inability to ambulate effectively.
>
> Nonetheless, there is no evidence that support[s] the severity of [Plaintiff]'s physical impairments and therefore does not meet or medically equal the criteria of the listing set forth above.

ECF No. 11 at 28 (emphasis in original). Plaintiff contends that this analysis is deficient pursuant to *Fox* because it consists only of conclusory statements and fails to apply the requirements of Listing 1.04 to the record evidence. ECF No. 19-1 at 17–18. Moreover, Plaintiff asserts that there was "ample evidence that Plaintiff may have met Listing 1.04A," yet the ALJ failed to apply any of the evidence to the Listing. *Id.* at 19–20.

Although the ALJ's analysis at step three was conclusory, remand is unwarranted here because the ALJ engaged in a thorough discussion of the medical evidence relevant to his step three finding at step four and highlighted evidence in the record that did not support a Listing 1.04A finding. ECF No. 11 at 30–32. Specifically, the ALJ acknowledged that Plaintiff was diagnosed with "chronic lumbago, lumbosacral spondylosis without myelopathy, radiculitis, and chronic pain syndrome" and exhibited positive straight-leg raise on the right in 2014, but noted that physical examination findings that year showed that Plaintiff had "stable gait and normal muscle tone," "normal gait, muscle tone, and *normal muscle strength* at lower extremities, bilaterally," and only "mild limited range of motion at lumbar spine with mild pain." *Id.* at 30 (emphasis added) (internal record citations omitted). Additionally, the ALJ observed that "[a 2015] consultative examination was unremarkable with few abnormal findings and indications that

[Plaintiff] had *normal* gait, *motor strength, reflexes,* [and] *sensation.*" *Id.* at 31 (emphasis added) (internal record citations omitted). More specifically, the ALJ noted that Plaintiff's "neurological examination was bilaterally symmetrical and normal with full range of motion of the shoulders, elbows, wrists, and fingers with normal muscle strength," that he exhibited "normal gait without any assistive device and without limping" and "full range of motion of hips, knees, feet, and ankles," that "muscle tone, coordination, sensation, motion, and tendon reflexes were bilaterally symmetrical and normal," and that "muscle strength and grip strength w[ere] normal at 5/5." *Id.* (internal record citations omitted).

In this discussion of Plaintiff's relevant medical evidence, the ALJ cited to substantial evidence in the record demonstrating that Plaintiff did not meet all of the requirements for Listing 1.04A. While the ALJ acknowledged that Plaintiff exhibited a positive straight-leg raise and mild limitation of motion of the spine, the ALJ referenced several examination findings showing that Plaintiff exhibited normal muscle strength as well as findings demonstrating intact sensation and reflexes. *Id.* at 30–31. Such evidence indicates that the Listing 1.04A requirement of motor loss accompanied by sensory or reflex loss was not met. Therefore, in light of the evidence in the medical record demonstrating that Plaintiff did not meet this requirement, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal Listing 1.04A.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act from November 21, 2014 through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if

supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 1 July 2019

A. David Copperthite
United States Magistrate Judge